IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV98-1-V
5:05CR211-V

| | |
|---|---|
| DAGOBERTO SANTAMARIA FLORES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August 17, 2009. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

## PROCEDURAL HISTORY

On May 26, 2005, Petitioner was one of ten individuals named in a one-count Bill of Indictment. The Indictment charged Petitioner with possession with intent to distribute cocaine, methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(b), 846. The Indictment set forth that the offense charged involved 500 or more grams of cocaine, 500 or more grams of methamphetamine, and a detectable amount of marijuana. On November 3, 2005, at his Rule 11 hearing, Petitioner entered a straight-up guilty plea. On August 16, 2006, this Court sentenced Petitioner to 135 months imprisonment. Petitioner did not file a direct appeal.

On August 13, 2007, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence (5:07cv93) alleging, among other things, that his counsel was ineffective for failing to file a

notice of appeal when requested to do so. On October 5, 2007, this Court granted in part and dismissed in part Petitioner's Motion to Vacate. This Court granted Petitioner's ineffective assistance of counsel claim based upon his attorney's failure to file a direct appeal and reentered his criminal judgment to allow him to file a direct appeal. On October 16, 2007, Petitioner filed a Notice of Appeal. On October 14, 2008, the United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, affirmed Petitioner's conviction and sentence. United States v. Flores, 296 F. App'x 320 (4th Cir. 2008).

On August 17, 2009, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to vacate Petitioner alleges that this Court was "without jurisdiction to expose [him] to a sentence under the statutory penalty provision of 21 U.S.C. § 841(b)(1)(A) for a statutory penalty provision conviction under 21 U.S.C. § 841(b)(1)(c) . . . ."

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claim.

## II. PETITIONER HAS PROCEDURALLY DEFAULTED HIS CLAIM

Petitioner argues that this Court erred when it found an increased drug quantity using a preponderance of the evidence standard which subjected him to an increased statutory penalty under 21 U.S.C. § 841(a)(1)(A).

Petitioner did not raise this claim on direct review. Claims that could have been but were not raised on direct review are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or must demonstrate a miscarriage of justice[1] would result from a refusal to entertain a collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Despite being given a specific opportunity to do so on his § 2255 form, Petitioner does not provide any reason for failing to present this issue on direct appeal. Accordingly, his failure to raise this claim on direct review has resulted in its being procedurally defaulted. Id.

## III. PETITIONER IS PROCEDURALLY BARRED FROM RAISING HIS CLAIM

To the extent that Petitioner's claim on direct review that there was not a sufficient factual basis to support his guilty plea because he never admitted being involved in the types and

---

[1] In order to establish a miscarriage of justice a petitioner must establish actual innocence. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner does not argue that he is actually innocent.

quantities of drugs charged in the indictment is construed as the same claim he is raising now in his Motion to Vacate, the Fourth Circuit's dismissal of this claim bars this Court's consideration of that claim. See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)(issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action).

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of the claim contained in his Motion to Vacate. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED** and **DISMISSED**.

Signed: August 21, 2009

Richard L. Voorhees
United States District Judge